## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STACY CALDWELL,

    Plaintiff,

v.

HD SUPPLY FACILITIES
MAINTENANCE, LTD. dba
HD SUPPLY; HD SUPPLY
MANAGEMENT, INC.[1]

    Defendants.

Case No. 1:18-cv-01697-MHC-JSA

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants HD Supply Facilities Maintenance, Ltd. and HD Supply Management, Inc. (collectively, "HD Supply" or "Defendants") hereby file this Answer to Plaintiff Stacy Caldwell's ("Caldwell" or "Plaintiff") Complaint, as follows:

### INTRODUCTION

1.    HD Supply admits that Plaintiff purports to bring this action for the reasons set forth in Paragraph 1 of Plaintiff's Complaint, but denies that Plaintiff is

---

[1] "HD Supply" is not a legal d/b/a/ for the Defendant HD Supply Facilities Maintenance, Ltd. Further, HD Supply Management, Inc. did not employ Plaintiff at any time and, as such, is not a proper party to this action.

entitled to the relief requested in her Complaint, and further denies the unlawful employment practices alleged.

2.      HD Supply denies that Plaintiff can state viable claims for sex discrimination, sexual harassment, retaliation, and discrimination on the basis of sex arising under 42 U.S.C. §§ 20000E, *et seq.* (Title VII of the Civil Rights Act of 1964), as amended by the Civil Rights Act of 1991.  HD Supply denies any wrongdoing or liability under these statutes.

3.      HD Supply admits that Plaintiff seeks actual, compensatory, and punitive damages, and attorneys' fees and costs, but denies Plaintiff's entitlement thereto.

## JURISDICTION AND VENUE

4.      The allegations in Paragraph 4 of Plaintiff's Complaint state a legal conclusion to which no response is required.

5.      The allegations in Paragraph 5 of Plaintiff's Complaint state a legal conclusion to which no response is required.

## PARTIES

6.      HD Supply is without sufficient information to admit or deny the allegations set forth in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the allegations.

7.     HD Supply admits that it is a limited partnership organized in Florida. HD Supply further admits that it issued Plaintiff's offer of employment and managed her day-to-day activities.  HD Supply denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.     HD Supply admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.     The allegations in Paragraph 9 of Plaintiff's Complaint state a legal conclusion to which no response is required.

## ADMINISTRATIVE PROCEDURES

10.     HD Supply admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Whether the charge of discrimination was timely is a legal conclusion to which no response is required.

11.     HD Supply admits that, upon information and belief, the EEOC issued Plaintiff a Notice of Right to Sue on March 21, 2018.  HD Supply denies that a copy of the same is attached as Exhibit "A" to Plaintiff's Complaint.

12.     HD Supply is without sufficient information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the allegations.

## FACTUAL ALLEGATIONS

3

13.    HD Supply admits that it hired Plaintiff as a Merchant for the Appliance Category on March 7, 2016.   HD Supply denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.    HD Supply admits that, at the time of her hire, Plaintiff reported directly to Bradley Paulson, Vice President of Facilities Maintenance.  HD Supply denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.    HD Supply admits that Mr. Gratt was transferred to Atlanta, Georgia in July 2016.  The remaining allegations contained in Paragraph 15 of Plaintiff's Complaint state a legal conclusion to which no response is required.

16.    HD Supply denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.    HD Supply admits that Mr. Gratt became Plaintiff's direct supervisor when he was promoted.  HD Supply further admits that Mr. Paulsen remained Mr. Gratt's supervisor.   HD Supply denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.    HD Supply admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    HD Supply denies the allegations contained in Paragraph 19 of

Plaintiff's Complaint.

20.    HD Supply admits that Mr. Gratt made the hotel accommodations for the trip.  HD Supply is without sufficient information to admit or deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the allegations.

21.    HD Supply admits that Mr. Gratt booked rooms at a hotel in Altamonte Springs, Florida.  HD Supply denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.    HD Supply admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.    HD Supply denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.    HD Supply admits that Mr. Gratt and Plaintiff were aboard the same flight to Orlando.  HD Supply denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.    HD Supply admits that Mr. Gratt and Plaintiff rode in a rental car together to the hotel.  HD Supply denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.    HD Supply admits that, upon checking in at the hotel, Mr. Gratt and

Plaintiff were initially provided one key due to the hotel's mistake. HD Supply denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.   HD Supply denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.   HD Supply is without sufficient information or belief to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and, therefore, denies the allegations.

29.   HD Supply admits that Mr. Gratt did not apologize or state there was any mistake in the room reservations as alleged in Paragraph 29 of Plaintiff's Complaint as it was the hotel's mistake that resulted in the clerk suggesting there was only one room reserved although Mr. Gratt reserved multiple rooms.

30.   HD Supply denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.   HD Supply admits that Plaintiff presented at the March 9, 2017 sales meeting. HD Supply is without sufficient information to admit or deny the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the allegations.

32.   HD Supply denies the allegations contained in Paragraph 32 of

Plaintiff's Complaint.

33.    HD Supply admits that Plaintiff objected to traveling for work.  HD Supply denies the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.    HD Supply denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.    HD Supply admits that Mr. Paulson sent Plaintiff home for the day on March 20, 2017.  HD Supply denies the remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.    HD Supply admits the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37.    HD Supply is without sufficient information to admit or deny the allegations contained in Paragraph 37 of Plaintiff's Complaint and, therefore, denies the allegations.

38.    HD Supply admits that Sarah McDaniel, Sr. Manager, HR was present in the March 20, 2017 meeting with Mr. Gratt and Plaintiff.  HD Supply denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    HD Supply denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

## COUNT I
### (Violation of Title VII—Quid Pro Quo)

40.     HD Supply incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 39 of Plaintiff's Complaint as if fully set forth herein.

41.     HD Supply denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     HD Supply denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     HD Supply denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     HD Supply denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     HD Supply denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     HD Supply denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     HD Supply denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48.     HD Supply denies the allegations contained in Paragraph 48 of

Plaintiff's Complaint.

49.     HD Supply denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

## COUNT II
### (Violation of Title VII—Retaliation)

50.     HD Supply incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 49 of Plaintiff's Complaint as if fully set forth herein.

51.     HD Supply denies the allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     HD Supply denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     HD Supply denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     HD Supply denies the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     HD Supply denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     HD Supply denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

## COUNT III
### (Title VII—Discrimination on the Basis of Sex)

57.    HD Supply incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 56 of Plaintiff's Complaint as if set forth fully herein.

58.    HD Supply denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

59.    HD Supply admits that Mr. Phillips was a colleague of Plaintiff.  The remaining allegations in Paragraph 59 of Plaintiff's Complaint are vague and ambiguous, making a response to the same impossible. HD Supply denies the allegations on that basis.

60.    HD Supply admits that Mr. Gratt was Mr. Phillips' direct supervisor. The remaining allegations in Paragraph 60 of Plaintiff's Complaint state a legal conclusion to which no response is required.

61.    HD Supply denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.    HD Supply denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    HD Supply denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

10

64.    HD Supply denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.    HD Supply denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.    HD Supply denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's allegations fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred to the extent she failed to file this Complaint within the statute of limitations.

### THIRD DEFENSE

All claims in the Complaint that did not accrue within the time frame prescribed by law and within the limitations presented by law are barred.

## FOURTH DEFENSE

Plaintiff's failure to fully exhaust her administrative remedies bars her from pursuing those claims required to be brought before and investigated by the EEOC or any other administrative agency.

## FIFTH DEFENSE

All actions taken by HD Supply affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory reasons and, as such, did not violate any legal rights possessed by Plaintiff. In the alternative, even if Plaintiff is able to demonstrate that discrimination played a motivating part in any action at issue in this case, which it did not, the same action would have been taken for legitimate, non-discriminatory reasons.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged harassment experienced by Plaintiff was not because of Plaintiff's gender or any other protected characteristic.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged harassment experienced by Plaintiff was neither severe nor pervasive.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any alleged harassment experienced by Plaintiff was not unwelcome, was not offensive to Plaintiff, nor would it have been offensive to any reasonable person in Plaintiff's position.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because HD Supply took prompt and effective remedial action as soon as it became aware of the alleged harassment.

**TENTH DEFENSE**

To the extent Plaintiff's own negligence contributed to the injury and/or damage she alleges in her Complaint, it is a bar to this action.

**ELEVENTH DEFENSE**

To the extent any intentional acts occurred, the occurrence of which HD Supply denies, those acts occurred wholly and entirely outside the scope or course of the actor's employment with HD Supply and were not authorized or sanctioned by HD Supply, and such conduct represented the acts of an employee who departed from his or her duties to accomplish a purpose of his or her own, which

was not incidental to the work s/he was employed to do.  HD Supply, therefore, is not liable to Plaintiff for such acts.

## TWELFTH DEFENSE

At all times HD Supply has acted in accordance with, and in good faith compliance with, federal and state law.

## THIRTEENTH DEFENSE

HD Supply exercised reasonable care to prohibit, prevent, and promptly correct discriminatory, harassing, or unlawful behavior, if any.  HD Supply has a policy prohibiting discrimination and harassment, and a procedure by which its employees should inform it of any such complaints.  The policy provides that such complaints will be the subject of prompt remedial action reasonably calculated to end alleged discrimination.  HD Supply cannot be held liable for alleged injuries where Plaintiff failed to take advantage of or use preventative or corrective procedures provided in due care by HD Supply to avoid harm or for acts of its employees committed outside the scope of employment.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred to the extent that HD Supply would have made the same employment decisions with regard to Plaintiff irrespective of Plaintiff's protected status.

### FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because HD Supply has not engaged in any practice with actual malice or wanton or willful disregard for Plaintiff's rights.

### SIXTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the after-acquired evidence doctrine.

### SEVENTEENTH DEFENSE

Each and every act or statement done or made by HD Supply and its officers, employees, or agents with reference to the matters at issue, was a good faith assertion of its rights and obligations, and therefore, was privileged or justified.

### EIGHTEENTH DEFENSE

Any and all decisions made and actions taken by and/or on HD Supply's behalf were made and taken in the exercise of proper managerial discretion and in good faith and for valid business reasons.

### NINETEENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff now seeks to recover damages in excess of the types or amounts allowed by law.

### TWENTIETH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent Plaintiff has failed to act reasonably to mitigate her alleged damages as required by law.

### TWENTY-FIRST DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because Plaintiff's own conduct proximately caused her alleged injuries.

### TWENTY-SECOND DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because the damages Plaintiff allegedly suffered are too remote to form the basis for any recovery against HD Supply.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and/or waiver.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to take reasonable measures to avoid the consequences alleged to have been caused by HD Supply and, thus, any damages that she suffered were the direct and proximate result of her own actions or inactions.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims for emotional distress damages are barred because each and every alleged act by HD Supply was not outrageous, intended to cause harm, or reckless, and Plaintiff has not suffered severe emotional distress as a result of HD Supply's alleged conduct.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred as HD Supply did not treat any employee outside Plaintiff's protected class(es) more favorably than it treated Plaintiff.

## TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to any of the relief requested in Plaintiff's Complaint, including, but not limited to, compensatory, actual, special, punitive, exemplary, or liquidated damages or declaratory or injunctive relief.  To the extent Plaintiff is entitled to any relief, however, such relief is limited by applicable law.

### TWENTY-EIGHTH DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff failed to notify and/or complain to HD Supply of the allegations asserted in her Complaint, and failed to utilize HD Supply's policies for reporting alleged misconduct.

### TWENTY-NINTH DEFENSE

Plaintiff's request for a jury trial should be stricken.

### THIRTIETH DEFENSE

Plaintiff's claims are frivolous, unreasonable, groundless, and brought in bad faith and for improper purposes.  Accordingly, HD Supply is entitled to recover attorneys' fees and other costs associated with the defense of this action.

### THIRTY-FIRST DEFENSE

HD Supply Management, Inc. did not employ Plaintiff at any time and, as such, is not a proper party to this action.

HD Supply reserves the right to amend this Answer, to add any affirmative or other defenses, or to withdraw defenses as deemed warranted after reasonable opportunity for discovery.  HD Supply denies each and every allegation and claim set forth in Plaintiff's Complaint that otherwise is not specifically admitted in this

Answer, including, but not limited to, each and every allegation and claim for relief as set forth in Plaintiff's captions, titles, allegations and prayers for relief.

**WHEREFORE**, HD Supply respectfully prays that this Court:

(a)     Dismiss Plaintiff's Complaint;

(b)     Or, alternatively, award judgment in favor of HD Supply; and

(c)     Tax all costs and attorneys' fees against Plaintiff; and

(d)     For such other and further relief as this Court deems appropriate and just.

Respectfully submitted this 30th day of May, 2018.

> **GORDON REES SCULLY**
> **MANSUKHANI, LLP**
>
> */s/ Leslie K. Eason*
> Leslie K. Eason
> Georgia Bar No. 100186
> Julia C. Glasgow
> Georgia Bar No. 827438
> 3455 Peachtree Road NE, Suite 1500
> Atlanta, Georgia 30326
> Telephone:  (404) 869-9054
> Facsimile:  (678) 389-8475
> leason@grsm.com
> jglasgow@grsm.com
>
> *Counsel for Defendants HD Supply*

*Facilities Maintenance, Ltd. and HD Supply
Management, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 30th day of May 2018, served a copy of the foregoing upon all parties to this matter by electronically filing the same with the CM/ECF electronic filing system, which will cause a copy to be electronically served on all counsel of record.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ Leslie K. Eason*
COUNSEL

1152682/38415381v.2